## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:18-CV-154-DCK

| | | |
|---|---|---|
| DANNY GLENN HENDRIX | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | <u>ORDER</u> |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Summary Judgment" (Document No. 10) and Defendant's "Motion for Summary Judgment" (Document No. 12). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that "Plaintiff's Motion for Summary Judgment" be <u>denied</u> and "Defendant's Motion for Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.       BACKGROUND

Plaintiff Danny Glenn Hendrix ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about March 6, 2015, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning January 1, 2013. (Transcript of the Record of Proceedings ("Tr.") 15). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on April 29, 2015, and again after reconsideration on September 14, 2015. (Tr. 15, 122, 133). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows your condition results in some limitations in your ability to perform work related activities. We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age and education in determining how your condition affects your ability to work. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.

(Tr. 133).

Plaintiff filed a timely written request for a hearing on November 16, 2015. (Tr. 15, 145). On October 2, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge Mary Ryerse (the "ALJ"). (Tr. 15, 32–62). In addition, Kentrell Pittman, a vocational expert ("VE"), and Fred D. Pike, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on December 21, 2017, denying Plaintiff's claim. (Tr. 15–27). On February 20, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 9, 2018. (Tr. 1–3, 200). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 25, 2018. (Document No. 1). Following the parties' "Joint Stipulation Of Consent…" (Document No. 11), this matter was re-assigned to the undersigned Magistrate Judge on February 14, 2019.

Plaintiff's "Motion for Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of [His] Motion For Summary Judgment In His Social Security Appeal" (Document No. 9) were filed on February 11, 2019;  and the "Commissioner's Motion For Summary Judgment" (Document No. 12) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 13) were filed on April 5, 2019. Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

Based on the foregoing, the pending motions are now ripe for review and disposition.

## II.      STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599

(4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2013, and the date of his decision.[1] (Tr. 15–16). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy.  Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 26–27).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 1, 2013, his alleged disability onset date.  (Tr. 17).  At the second step, the ALJ found that "degenerative disc disease, right knee pain, hypertension, sinus tachycardia, borderline intellectual functioning, organic brain disorder, anxiety disorder, and alcohol abuse" were severe impairments.[2]  Id.  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work activity, with the following limitations:

---

[2]  The determination at the second step as to whether an impairment is "severe" under the regulations is a de minimis test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

> He has the ability to stand and/or walk up to six hours in an eight-hour workday and sit up to six hours in an eight-hour workday. He can frequently climb ramps, stairs, ladders, ropes or scaffolds; he can frequently balance or stoop. He must avoid working at unprotected heights and around moving machinery. He is limited to performing simple, routine, repetitive tasks, not at a production rate pace. He is limited to maintaining concentration, persistence and pace for two-hour periods during the workday. He is limited to occasional and casual interaction with the public and coworkers. He is limited to a stable work environment, which means few and infrequent changes to the work routine.

(Tr. 20). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a tree cutter, welder helper, off highway dump truck driver, and installation helper. (Tr. 25). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a stores laborer, a laundry laborer, and a hospital cleaner. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2013, and the date of her decision, December 21, 2017. (Tr. 27).

Plaintiff on appeal to this Court makes only one assignment of error: that "the ALJ erred in determining the RFC by not properly considering the impairment of poor balance." (Document No. 9, p. 4).

**ALJ's Consideration of Plaintiff's Balance.**

In the first and only assignment of error, Plaintiff argues that the ALJ failed to properly consider Plaintiff's poor balance in determining that Plaintiff does not have a disability.  Id.  The ALJ found that Plaintiff could "frequently balance or stoop" and retained the capacity to do medium work, so long as he "avoid[s] working at unprotected heights and around moving machinery."  (Tr. 20).  A person can work "frequently" if he can work for one-third to two-thirds of an eight-hour workday.  (Document No. 9, p. 5).  "Balance" is defined as "maintaining body equilibrium to prevent falling when walking, standing, crouching, running on narrow, slippery or erratically moving surfaces, or performing gymnastics feats."  Id. (quoting Soc. Sec. POMS: DI 25001.001).

Plaintiff first contends that this finding was not supported by substantial evidence, and that the evidence actually supports a finding that Plaintiff's poor balance is a disability.  First, Plaintiff repeatedly complained of poor balance on his disability application, to medical examiners, and during his hearing.  Id. at 5–6 (citing (Tr. 47, 293, 321, 326–29).  Second, Dr. Sanford Guttler found that Plaintiff had "limited balance associated with occasional falls."  Id. at 5 (citing (Tr. 322)).  Third, Plaintiff's friend, Kenneth Day, reported in a function report on March 18 that Plaintiff's "balance is very bad."  Id. (citing (Tr. 236, 238, 240).  Fourth, in response to Plaintiff's complaint of poor balance, a consulting psychologist "considered that the plaintiff could have a neurocognitive disorder." Id. at 6 (citing (Tr. 326-29)).

Second, Plaintiff argues that the ALJ erred in giving "no weight to the findings of Dr. Guttler," and that the "rejection of his opinion, without explanation, is contrary to law."  Id. at 6.  Thus, the ALJ failed to "create an analytical or logical bridge between the evidence in the record and . . . her ultimate conclusion," creating a deficiency in the assessment of the residual functional

capacity. <u>Id.</u> at 6–7 (quoting <u>Rogers v. Berryhill</u>, No. 1:16-CV-081-MR-DLH, 2017 WL 2664212, at *5 (W.D.N.C. June 5, 2017).

Third, Plaintiff argues that the ALJ inconsistently valued the statements made by Plaintiff and Mr. Day. <u>Id.</u> at 7–8. The ALJ relied heavily on the two to assess the severity of Plaintiff's mental impairments but gave them little weight in assessing his physical impairments. <u>Id.</u> (citing Tr. 18–19, 21, 25).

Finally, Plaintiff contends that the ALJ's finding that Plaintiff "must avoid working at unprotected heights and around moving machinery" was inconsistent with her finding that Plaintiff can maintain frequent balance. <u>Id.</u> at 8. It is internally inconsistent, Plaintiff argues, that he "could be frequently engaged in dangerous activity such as climbing ladders, ropes, or scaffolds and engage in activities involving frequent balancing, yet at the same time be prohibited from unprotected heights or being around dangerous machinery . . . due to a fall hazard." <u>Id.</u> at 9.

In response, Defendant argues that substantial evidence supports the ALJ's finding. First, the medical evidence concerning Plaintiff's balance is sparing and suggests that, while limited, Plaintiff is "not so limited as to preclude frequent balancing." (Document No. 13, p. 6). "No treating source opinions identified specific, work-related restrictions," and two state agency consultants considered Plaintiff's balance limitations but declined to find "any postural limitations" and instead found that Plaintiff "could tolerate frequent balancing." <u>Id.</u> (citing (Tr. 81–82, 99, 114)).

Second, Defendant argues that the ALJ appropriately weighed Dr. Guttler's opinion in light of the other medical evidence. <u>Id.</u> Dr. Guttler "did not state a specific limitation" on Plaintiff's ability to balance, and instead merely stated that Plaintiff "had 'limited balance with occasional

falls.'" Id. (quoting (Tr. 322). This description, Defendant argues, is consistent with the ALJ's finding of frequent balance. Id.

Third, Defendant argues that the ALJ appropriately gave Plaintiff's and Mr. Day's statements reduced weight where they conflicted with objective medical evidence. Id. at 7. Objective medical evidence contradicted Plaintiff's claims of a severe impairment by repeatedly finding him to be of "normal sensation and motor function." Id. (citing Tr. 25). The ALJ acknowledged some merit in Plaintiff's and Mr. Day's statements and used them to supplement evaluations by state agency consultants in assessing Plaintiff's mental health. Id. at 8. Where the evidence conflicted, though, the ALJ appropriately weighed medical evidence more heavily than lay evidence. Id. at 9 (citing 20 C.F.R. §§ 404.1527(f)(1)).

Fourth, Defendant argues that the ALJ's decision was not internally inconsistent. Id. at 11. Plaintiff may be able to frequently work on ladders or scaffolds when given proper safety railings or harnesses, but unable to work without such protections. Id. Additionally, the work-related functions of climbing and balancing are unrelated to the environmental restrictions of exposure to unprotected heights. Id. Thus, it was appropriate for the ALJ to find that Plaintiff can climb and balance frequently so long as he is not exposed to unprotected heights. Id.

Finally, Defendant argues that any error in assessing Plaintiff's ability to balance is harmless because "none of the jobs identified in VE testimony involves any balancing." Id. at 10. The VE found that Plaintiff could work as a stores laborer, laundry laborer, or hospital cleaner. Id. (citing Tr. 59–60). None of the three jobs requires any level of balancing. Id. (citing DOT 922.687-058 (Stores Laborer), 1991 WL 688132 (1991); DOT 361.685-018 (Laundry Worker), 1991 WL 672987 (1991); DOT 323.687-010 (Hospital Cleaner), 1991 WL 672782 (1991));

(Document No. 10, Ex. 1–3).  Thus, even if Plaintiff's ability to balance is severely limited, he still has the requisite RFC to work the jobs described by the VE.  Id.

The undersigned agrees with Defendant and finds that Plaintiff failed to show that the ALJ committed an error that prejudiced his case. First, the evidence noted by the ALJ to support her conclusion is clearly substantial.  During the hearing, the ALJ observed that "[i]f his eyes are open," Plaintiff "had no problems upon standing."  (Tr. 21).  Plaintiff himself admitted that "[h]e is able to shower and get dressed by himself," tasks that require some level of balance.  Id.  Dr. Guttler noted that Plaintiff "had a normal gait" and "was able to walk on toes" and "heel to toe walk. . . ." Id. at 22.  Happy Valley Medical Center also reported that Plaintiff had a "normal gait." Id. at 23.  Christina L. Holley, MA, LPA, noted that Plaintiff "walked slowly" but "did not display other apparent motor difficulty or atypical motor behavior."  Id. at 22.  While some evidence outlined by Plaintiff suggests a greater inability to balance, substantial evidence supports the conclusion that Plaintiff's balance, though partially limited, is sufficient to prevent Plaintiff from falling while standing and walking for between one-third and two-thirds of an eight-hour workday.

Second, the undersigned finds Plaintiff's contention that the ALJ rejected the findings of Dr. Guttler without explanation to be unpersuasive.  As discussed, Dr. Guttler's statements did not establish that Plaintiff was unable to balance, but instead found that he "had a normal gait" and could complete two of three exercises.  Id. at 22.  The ALJ did not reject this assessment, but instead considered Dr. Guttler's assessment of Plaintiff's balance alongside other medical evidence that similarly established Plaintiff's ability to stand and walk without falling.  Id.  Taken together with other objective medical evidence, Dr. Guttler's assessment contributes to the substantial evidence supporting the ALJ's finding.

Third, the undersigned finds Plaintiff's contention that the ALJ improperly weighed the statements by Plaintiff and Mr. Day similarly unpersuasive. The ALJ specifically considered both sources of evidence and weighed them alongside objective medical evidence to assess Plaintiff's disability claim. Id. at 20–25. Where the two conflicted with objective medical evidence, the ALJ clearly and appropriately gave the objective medical evidence more weight than lay evidence. Id. at 25 ("Most importantly, significant weight cannot be given to the report because it, like the claimant's allegations, is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case."). This decision was in line with Federal Regulations. See 20 C.F.R. §§ 404.1527(f)(1)). It was not inconsistent to then give Plaintiff's and Mr. Day's statements more weight when they mirrored objective medical evidence concerning Plaintiff's mental health.

Fourth, the undersigned agrees with Defendant that the ALJ's findings were not internally inconsistent, but instead address separate questions. The ALJ first found that several severe impairments limited Plaintiff's general endurance, making him unable to maintain his balance while standing or walking for more than two-thirds of a workday. Second, the ALJ found that Plaintiff is prone to falls, and therefore cannot safely work in environments where falls could cause serious harm. As Defendant rightly points out, some jobs may require balance without posing a danger to someone prone to falls, such as a climber who is attached to a harness. Other part-time jobs may not require prolonged endurance but may still be momentarily dangerous for someone prone to falls. Additionally, the undersigned notes that none of the jobs recommended by the VE would require Plaintiff to climb ladders, ropes, or scaffolds. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff is able to balance while standing and walking for up to two-thirds of a workday and, thus, has the capacity to work the jobs recommended by the VE.

# IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 9) is **DENIED**;   the "Commissioner's Motion For Summary Judgment" (Document No. 13) is **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

**SO ORDERED**.

Signed: June 13, 2019

David C. Keesler
United States Magistrate Judge